```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

ROBERT J. PEPERA, JR.,          *

     Plaintiff,                 *

vs.                             *
                                    CASE NO. 4:12-CV-47 (CDL)
AFLAC INCORPORATED, and         *
AMERICAN FAMILY LIFE ASSURANCE
OF COLUMBUS,                    *

     Defendants.                *
```

O R D E R

Plaintiff Robert J. Pepera, Jr. ("Pepera Jr.") brought this action against Defendants AFLAC Incorporated ("AFLAC Inc.") and American Family Assurance Company of Columbus ("Aflac") (collectively, "Defendants"), contending that Aflac breached its insurance contracts with Mr. Pepera's father, Robert J. Pepera, Sr. ("Pepera Sr."). Specifically, Pepera Jr. contends that Pepera Sr. purchased three Hospital Intensive Care Unit policies from Aflac and that each policy guaranteed benefits of $130 per unit of coverage for each day spent in a hospital intensive care unit. Pepera Jr. asserts that Aflac unilaterally amended the policies without Pepera Sr.'s consent once Pepera Sr. reached age 70, reducing benefits owed under the policies to $50 per unit of coverage for each day spent in a hospital intensive care unit without changing the amount of premiums charged.

Defendants contend that Pepera Jr.'s Complaint fails to state a claim because his state law claims are preempted by the express preemption provision of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1144(a), and because the Complaint fails to state a claim under ERISA.  Defendants also assert that Pepera Jr.'s Complaint fails to state a claim because the policy documents demonstrate as a matter of law that Aflac did not breach the policies in the manner that was alleged in the Complaint.

For the reasons set forth below, the Court concludes that Pepera Jr.'s Complaint fails to state a claim.  Accordingly, Defendants' Motion to Dismiss (ECF No. 2) is granted.

## MOTION TO DISMISS STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570).  The complaint must include sufficient factual allegations "to raise a right to relief above the speculative

level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

In support of his claims, Pepera Jr. relies on the three Aflac Hospital Intensive Care Unit policies purchased by his father. Defendants submitted duplicates of the policies. Mot. to Dismiss Ex. 1, ECF No. 4. An Aflac employee certified that each duplicate is a true and correct reproduction. *Id.* at 3, 22, 41. Pepera Jr. appears to acknowledge that the Court may consider the policies at this stage in the litigation. *See* Pl.'s Resp. to Defs.' Mot. to Dismiss 3, ECF No. 8; *see also Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1379-80 (recognizing that a district court may consider a document outside the pleadings in ruling on a motion to dismiss if the document is "(1) central to the plaintiff's claim, and (2) its authenticity is not challenged") (internal quotation marks omitted); *Bickley v. Caremark Rx, Inc.*, 461 F.3d 1325, 1329 n.7 (finding no error when district court considered ERISA plan

3

documents in ruling on a motion to dismiss). The policies are central to Pepera Jr.'s claims, and Pepera Jr. has not challenged the authenticity of the duplicates submitted by Defendants. Therefore, the Court will consider the policy language in ruling on Defendants' Motion to Dismiss.

## FACTUAL ALLEGATIONS

Pepera Sr. purchased three Hospital Intensive Care Unit Insurance Policies from Aflac. Notice of Removal Ex. A, Compl. ¶¶ 1, 26, ECF No. 1-1 [hereinafter Compl.]. He purchased two of the policies in 1978. *Id.* ¶ 26. Each of the 1978 policies provided one unit of coverage at $130 per day spent in a hospital intensive care unit. *Id.; accord* Mot. to Dismiss Ex. 1 part 1, Policy No. 0L875642 at 3, ECF No. 4 at 11; Mot. to Dismiss Ex. 1 part 2, Policy No. 0L875643 at 3, ECF No. 4 at 30. Pepera Sr. purchased an additional policy in 1982. Compl. ¶ 26. That policy provided two units of coverage at $130 per unit per day spent in a hospital intensive care unit. *Id.; accord* Mot. to Dismiss Ex. 1 part 3, Policy No. 0Z455995 at 2-3, ECF No. 4 at 48-49.

Each policy stated that, after issue, the policy would "never be restricted by addition of any rider or changed in any way without [the insured's] consent." Compl. ¶ 24; *accord* Policy No. 0L875642 at 1, ECF No. 4 at 9; Policy No. 0L875643 at 1, ECF No. 4 at 28; Policy No. 0Z455995 at 1, ECF No. 4 at 47. In the

4

same paragraph, each policy stated: "You are guaranteed the right to renew this policy each term until the end of the term in which you attain age 70." Policy No. 0L875642 at 1, ECF No. 4 at 9; Policy No. 0L875643 at 1, ECF No. 4 at 28; Policy No. 0Z455995 at 1, ECF No. 4 at 47.  Each policy further provided: "Coverage for the named insured and spouse shall terminate on the anniversary date following their respective 70th birthdays." Policy No. 0L875642 at 5, ECF No. 4 at 13; Policy No. 0L875643 at 5, ECF No. 4 at 32; Policy No. 0Z455995 at 5, ECF No. 4 at 51.

Pepera Sr. applied for the three policies through U.S. Graphite Employee Federal Credit Union.  Notice of Removal Ex. B, Mathis Aff. Ex. 2 at 1, New Business Transmittal, ECF No. 1-2 at 12; Mathis Aff. Ex. 2 at 5, Application for Hospital Intensive Care Insurance, ECF No. 1-2 at 16.  Pepera Sr. paid premiums through monthly payroll billing.  Notice of Removal Ex. B, Mathis Aff. Ex. 2 at 2, Payroll Deduction Application, ECF No. 1-2 at 13; Mathis Aff. Ex. 2 at 3, Payroll Deduction Application, ECF No. 1-2 at 14; Mathis Aff. Ex. 2, New Business Transmittal for Cancer & HIC Applications, at 4, ECF No. 1-2 at 15.[1]

Sometime after it issued the policies, Aflac sent Pepera Sr. an Endorsement for each of his three policies.  Compl. ¶ 25;

---

[1] The exhibits to the Notice of Removal were also submitted in support of Defendants' Motion to Dismiss.  E.g., Payroll Deduction Application, ECF No. 4 at 8; Payroll Deduction Application, ECF No. 4 at 27; New Business Transmittal for Cancer & HIC Applications, ECF No. 4 at 45. The Court cites the exhibits to the Notice of Removal because they are more legible than those attached to the Motion to Dismiss.

Endorsement to Policy No. 0L875642, ECF No. 4 at 18; Endorsement to Policy No. 0L875643, ECF No. 4 at 37; Endorsement to Policy No. 0Z455995, ECF No. 4 at 56.  The Endorsements are the same for all three policies.  Each Endorsement "amends the policy" by removing the language that the policy is "Guaranteed Renewable to age 70."  Endorsement to Policy No. 0L875642, ECF No. 4 at 18; Endorsement to Policy No. 0L875643, ECF No. 4 at 37; Endorsement to Policy No. 0Z455995, ECF No. 4 at 56.  Instead, under each Endorsement, the policyholder is "guaranteed the right to renew this policy for [his] lifetime by the payment of premiums at the rate in effect at the beginning of each term with benefits reduced at age 70."  Endorsement to Policy No. 0L875642, ECF No. 4 at 18; Endorsement to Policy No. 0L875643, ECF No. 4 at 37; Endorsement to Policy No. 0Z455995, ECF No. 4 at 56. Each Endorsement provides that the policy benefit is reduced after the policyholder reaches age 70, from $130 per day to $50 per day.  Compl. ¶ 25; Endorsement to Policy No. 0L875642, ECF No. 4 at 18; Endorsement to Policy No. 0L875643, ECF No. 4 at 37; Endorsement to Policy No. 0Z455995, ECF No. 4 at 56.  The premium for the policies did not change.  Compl. ¶ 28.

In February 2011, Pepera Sr. spent nine days in a hospital intensive care unit.  Compl. ¶ 27.  Pepera Sr. later passed away.  *Id.*  Pepera Jr., the executor of Pepera Sr.'s estate, sought payment of benefits from Aflac, and Aflac paid $1,800: $50 per

6

unit of coverage per day. *Id.* Pepera Jr. contends that Aflac should have paid $4,680 ($130 per unit of coverage per day). *Id.* It is undisputed that Pepera Sr. was older than 70 when he was hospitalized in 2011. *See, e.g.,* Payroll Deduction Application for Policy No. 0L875643, ECF No. 4 at 27 (listing Pepera Sr.'s year of birth as 1930).

## DISCUSSION

The Court finds it unnecessary to reach the question whether Pepera Jr.'s claims are preempted by ERISA's express preemption provision, § 514(a), 29 U.S.C. § 1144(a) because Pepera Jr.'s Complaint fails to state a claim even if the claims are not preempted by ERISA. Pepera Jr.'s Complaint centers on his contention that Aflac unilaterally reduced coverage under the policies without reducing the premiums. Compl. ¶¶ 28-29. Pepera Jr. asserts that the Endorsements to Pepera Sr.'s policies are without any legal effect because Aflac promised that the policies would "never be restricted by addition of any rider or changed in any way without [the insured's] consent." Compl. ¶¶ 24, 29; *accord* Policy No. 0L875642 at 1, ECF No. 4 at 9; Policy No. 0L875643 at 1, ECF No. 4 at 28; Policy No. 0Z455995 at 1, ECF No. 4 at 47. Pepera Jr. argues that without the Endorsements, Aflac was required to pay $130 per unit of coverage per day Pepera Sr. spent in a hospital intensive care unit and that Aflac was not

7

permitted to "reduce" the benefit to $50 per day while keeping the premiums the same. *E.g.*, Compl. ¶¶ 28-29, 33, 38.

Pepera Jr.'s Complaint depends on his allegation that the policies "provide that they renew upon payment for each term *indefinitely*." Compl. ¶ 24 (emphasis added). This allegation, however, is directly refuted by the policies themselves. The policies expressly state that "[c]overage for the named insured and spouse shall terminate on the anniversary date following their respective 70th birthdays." Policy No. 0L875642 at 5, ECF No. 4 at 13; Policy No. 0L875643 at 5, ECF No. 4 at 32; Policy No. 0Z455995 at 5, ECF No. 4 at 51. Furthermore, under the policies, the insured was only "guaranteed the right to renew this policy each term until the end of the term in which [the insured] attain[s] age 70." Policy No. 0L875642 at 1, ECF No. 4 at 9; Policy No. 0L875643 at 1, ECF No. 4 at 28; Policy No. 0Z455995 at 1, ECF No. 4 at 47. Therefore, under the policies without the Endorsements, the three policies provided for *no* coverage after Pepera Sr. reached age 70, and Aflac therefore did not "reduce" any benefits owed under the policies by issuing the Endorsements.

By issuing the Endorsements, Aflac offered Pepera Sr. an opportunity to continue coverage with reduced benefits for the same premium. Again, under each Endorsement, the policyholder is "guaranteed the right to renew this policy for [his] lifetime by

the payment of premiums at the rate in effect at the beginning of each term with benefits reduced at age 70." Endorsement to Policy No. 0L875642, ECF No. 4 at 18; Endorsement to Policy No. 0L875643, ECF No. 4 at 37; Endorsement to Policy No. 0Z455995, ECF No. 4 at 56.  Pepera Jr. appears to argue that the Endorsements are not valid because Pepera Sr. did not consent to the Endorsements, even though Pepera Sr. continued to pay premiums for each policy after the Endorsements were issued. Pepera Jr.'s Complaint does not, however, seek rescission of the Endorsements.  Under such a theory, Pepera Sr.'s estate would be entitled to cancellation of the Endorsements and a refund of the premiums paid under the Endorsements, but the estate must also return the value it received under the Endorsements. *E.g., Brown v. Garrett*, 261 Ga. App. 823, 826, 584 S.E.2d 48, 51 (2003).

For all of these reasons, the Court concludes that the Complaint fails to state a claim for Breach of Contract or for Money Had and Received based on Pepera Jr.'s theory that Aflac "reduced" the benefits due under the original policies by issuing the Endorsements.  As discussed above, based on the original policy documents, Aflac did not "reduce" the benefits owed under the policies while keeping the premiums the same.  Rather, on the face of the original policies, Aflac was not required to provide any coverage to Pepera Sr. after he reached age 70; by issuing

9

the Endorsements, Aflac allowed Pepera Sr. to continue coverage beyond age 70.

## CONCLUSION

As discussed above, Pepera Jr.'s Complaint fails to state a claim. Accordingly, Defendants' Motion to Dismiss (ECF No. 2) is granted.

IT IS SO ORDERED, this 5th day of June, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
